UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ALFREDO CARTAGENA

        Petitioner,

    -v-                                No. 06 Civ. 2047 (LTS) (GWG)

WILLIAM J. CONNELLY, Superintendent,
Fishkill Correctional Facility,

        Respondent.

------------------------------------------------------x



LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

### MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On September 14, 2006, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that the February 22, 2006, pro se petition of Alfredo Cartagena ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections to the Report were received from Petitioner.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate

Copies mailed/_____ to All parties
Chambers of Judge Swain    5-23-08

Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se parties are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82. Pro se petitioner's objections are sufficiently specific.

The Court has reviewed thoroughly the parties' submissions, the Report, Petitioner's objections, and the relevant legal authority, and has considered de novo the matters addressed in the objections to the Report.

Petitioner raises two objections to the Report. First, Petitioner argues that Judge Gorenstein misconstrued Petitioner's claim that his parole denial was arbitrary and capricious. Specifically, Petitioner proffers that the Parole Board failed to consider the recommendation of the sentencing court in violation of New York Executive Law § 259-i, and that Board relied on erroneous facts. (Pet.'s Obj. 4-6.) Judge Gorenstein correctly held that the Parole Board's determination denying Petitioner's parole was consistent with New York Executive Law § 259-i, and explicitly noted that "the Supreme Court in the Article 78 proceeding found that there [was] no such [sentencing] recommendation [by the sentencing court]," and that the New York court's finding in the Article 78 proceeding was "supported by the minutes themselves, which reflect merely that the trial judge compared Cartagena's conduct with that of the shooter." (Report at

14.) Petitioner's argument that the Board relied on the erroneous fact that Petitioner shot the victim is simply contrary to the record and Board's written decisions.

In his second objection, Petitioner argues that Judge Gorenstein misapplied the law in that he failed to consider that, in order for parole to be denied on the basis of the seriousness of the instant offense, there "must be a showing of some aggravating circumstances beyond the inherent seriousness of the crime itself.[1]" (Pet.'s Obj. 8.) Petitioner's objection is unavailing. Judge Gorenstein determined that the Parole Board complied with its statutory obligations in denying Petitioner's parole application, and correctly concluded that "there is no evidence in the record supporting Cartagena's contention that his parole was denied on any impermissible basis." (Report at 15.)

For these reasons, and for substantially the reasons set forth in Judge Gorenstein's thorough and well-reasoned Report, the Court adopts Judge Gorenstein's Report in its entirety.

## CONCLUSION

Judge Gorenstein's Report and Recommendation is hereby adopted in its entirety. The petition for a writ of habeas corpus is, accordingly, denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West

---

[1] In fact, the Board's 2003 and 2005 parole decisions themselves made explicit findings of egregious circumstances which adequately supported the Board's determination to deny Petitioner parole. See King v. New York State Division of Parole, 190 A.D. 2d 423, 433 (N.Y. App. Div. 1993).

Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
May 23, 2008

LAURA TAYLOR SWAIN
United States District Judge